**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK EVERETT STOREY,

        Petitioner,

                                  CASE NO. 06-CV-13194

v.                                    HON. JOHN CORBETT O'MEARA

DOUGLAS VASBINDER,

        Respondent.
_____/

**ORDER DIRECTING PETITIONER
(1) TO DELETE HIS SECOND OR SUCCESSIVE CLAIMS OR
(2) TO APPLY TO THE COURT OF APPEALS FOR AN ORDER
AUTHORIZING THIS COURT TO CONSIDER THE CLAIMS**

     Petitioner Mark Everett Storey has filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. This is Petitioner's second federal habeas corpus petition challenging his 1986 state convictions for first-degree (felony) murder and possession of a firearm during the commission of a felony. Some of Petitioner's claims could have been raised in his first habeas petition. Therefore, Petitioner shall be given the option of either deleting his second or successive claims or of applying to the Court of Appeals for authorization to have this Court consider all his claims.

**I. BACKGROUND**

     **A. The Conviction, Direct Appeal, and State Collateral Proceedings**

     Following a bench trial in 1986, Petitioner was found guilty of first-degree murder, MICH. COMP. LAWS § 750.316(1)(b), and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment for the

murder.

On appeal from his conviction, Petitioner challenged the sufficiency of the evidence. The Michigan Court of Appeals affirmed his conviction, *see People v. Storey*, No. 95793 (Mich. Ct. App. Apr. 11, 1988), and on October 31, 1988, the Michigan Supreme Court denied leave to appeal. *See People v. Storey*, No. 83227 (Mich. Sup. Ct. Oct. 31, 1988).

On or about March 31, 1989, Petitioner filed a state complaint for the writ of habeas corpus in which he set forth several claims, including an allegation that trial counsel was ineffective for failing to investigate and obtain discovery. The trial court denied relief.

On or about October 26, 1993, Petitioner filed a motion for relief from judgment. He alleged, among other things, that his trial attorney was ineffective for failing to obtain discovery before trial and for failing to prepare adequately for trial. The trial court held an evidentiary hearing and then granted a new trial on Petitioner's claim that his trial attorney had been ineffective. The trial court denied relief on Petitioner's other claims. The State appealed the trial court's decision, and Petitioner cross-appealed. In lieu of granting leave to appeal, the Michigan Court of Appeals remanded the case for a determination on whether Petitioner had shown "cause" for not raising his claims on appeal. *See People v. Storey*, No. 182285 (Mich. Ct. App. Feb. 16, 1995).

On remand, the trial court vacated its order granting a new trial and denied Petitioner's motion for relief from judgment after concluding that Petitioner had failed to show "cause" for not raising his ineffectiveness claim in his appeal of right. The Michigan Court of Appeals denied Petitioner's appeal from the trial court's ruling, *see People v. Storey*, No. 184371 (Mich. Ct. App. May 23, 1995), and on March 26, 1996, the Michigan Supreme Court denied leave to

appeal. *See People v. Storey*, No. 103296-7 (Mich. Sup. Ct. Mar. 26, 1996).[1]

On April 22, 1997, Petitioner filed another motion for relief from judgment. He asserted several claims, including a claim that certain witnesses perjured themselves at his trial. The trial court held a lengthy evidentiary hearing at which prosecution witnesses David Kidd and Darin Henderson recanted their trial testimony. The trial court denied Petitioner's motion because it found that the witnesses were not credible and that the new evidence, even if admissible, would not have produced a different result at trial. The court found no merit in Petitioner's other claims regarding his appellate attorney, evidence of his criminal activity, the prosecutor's conduct, and the right to confront witnesses. Both appellate courts denied Petitioner's applications for leave to appeal. *See People v. Storey*, No. 229725 (Mich. Ct. App. Nov. 9, 2000); *People v. Storey*, No. 118290 (Mich. Sup. Ct. Oct. 29, 2001).

**B. The First Habeas Petition and Subsequent State Appeal.**

On October 29, 2001, Petitioner filed his first habeas corpus petition in federal court. He made the following arguments:

  I.   The state court unconstitutionally denied relief on the basis of a retroactive application of a procedural bar.

  II.  Petitioner had ineffective assistance of appellate counsel.

  III. The trial court improperly precluded important cross-examination regarding prior inconsistent statements of a witness, depriving Petitioner of the right of confrontation.

  IV.  Petitioner was denied a fair trial by testimony that he committed other crimes.

  V.   Petitioner was prejudiced by leading questions that added false

---

[1] Justices Michael F. Cavanagh and Conrad L. Mallett, Jr. voted to grant leave to appeal.

      evidence to the case against him and denied the right of confrontation and due process of law.

VI.    The court improperly precluded legitimate defense questioning of a police officer, thereby depriving Petitioner of the right to put on his defense and other rights.

VII.   Petitioner was prejudiced by the prosecutor's withholding of exculpatory evidence.

VIII.  The trial court should have granted a new trial because of newly discovered evidence of Petitioner's innocence and false testimony given at the trial.

This Court granted a conditional writ of habeas corpus on Petitioner's claim of ineffective assistance of appellate counsel. The Court declined to rule on the other issues. *See Storey v. Price*, No. 01-74092 (E.D. Mich. Sept. 18, 2003).

Petitioner's claim of appeal was then reinstated in state court. The Michigan Court of Appeals found no merit in Petitioner's claims and affirmed his convictions. *See People v. Storey*, No. 251271 (Mich. Ct. App. Mar. 29, 2005). On April 13, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Storey*, No. 128741 (Mich. Sup. Ct. Apr. 13, 2006).

**C. The Pending Habeas Petition**

Petitioner filed his pending habeas corpus petition on July 14, 2006. His grounds for relief read:

I.     Petitioner had ineffective assistance of [trial] counsel. He demonstrated "prejudice" and the Michigan Courts' decision is contrary to and an unreasonable application of clearly established federal constitutional law.

II.    Petitioner was deprived of the right to confront witnesses and the right to a fair trial by the trial court's refusal to allow discovery of promises made to prosecution witnesses in return for their

testimony.

III. Petitioner was deprived of a fair trial by prosecutorial misconduct in regard to discovery, in failing to disclose important evidence to the defense and in other respects.

   1. Failure to Disclose Evidence pertaining to David Kidd's arrangements with the prosecution.

   2. Failure to disclose David Kidd's accusations and testimony that Petitioner had participated in the murder for which Kidd and the Simpsons were convicted.

   3. Failure to correct Kidd's false testimony in other respects.

   4. Other acts of misconduct.

IV. Petitioner was deprived of the right of confrontation by the trial court's ruling precluding important cross-examination regarding prior inconsistent statements.

V. Petitioner was denied the right of confrontation and due process by leading questions asked by the prosecutor of a witness.

VI. Petitioner was deprived of the right to present a defense and confrontation when the trial court precluded important cross-examination of a police officer.

VII. The trial court's findings of fact were clearly erroneous and denied Petitioner due process of law.

VIII. The Michigan courts improperly substituted their judgment for the factfinder's judgment in evaluating newly discovered evidence, contrary to Petitioner's Sixth Amendment right to have the factfinder evaluate the evidence.

IX. The cumulative effect of all errors violated Defendant's due process right to a fair trial.

The petition was randomly assigned to the Honorable Paul D. Borman, but recently reassigned to this Court as a companion case to Petitioner's 2001 habeas petition.

**II. DISCUSSION**

### A. Clearly Established Law

A threshold question is whether the pending habeas petition is a second or successive petition. With two exceptions not relevant here, claims presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 must be dismissed. 28 U.S.C. § 2244(b)(1) and (2). However, "not every numerically second petition is 'second or successive' for purposes of [§ 2244(b)]." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). A habeas petition is not subject to dismissal if the prior petition was "dismissed on technical grounds such as failure to exhaust state remedies or unripeness" and "when the first petition is successful, and the prisoner contends that new errors ensued." *Shepeck v. United States*, 150 F.3d 800, 800-01 (7th Cir. 1998); *accord Lang v. United* States, 474 F.3d 348, 351-52 (6th Cir.) (collecting cases), *cert. denied*, __ U.S. __, 128 S. Ct. 819 (2007); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999).

A prisoner seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the Court of Appeals, the district court ordinarily must transfer the case to the Court of Appeals. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

### B. Application

Petitioner raised Claims III..1-3., IV. - VI.., and VIII. in his first habeas petition. He is not required to seek authorization for those claims because the Court declined to rule on them. A

numerically second petition is not "second or successive" if the earlier petition was not adjudicated on the merits. *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir. 1997).

Petitioner did not raise Claims I., II., III.4., and VII. in his first habeas corpus petition. These claims allege that Petitioner was deprived of ineffective assistance of trial counsel, the trial court refused to allow discovery of promises made to prosecution witnesses, the prosecutor failed to turn over documents and produce Officer Kramer, and the trial court's findings of fact were clearly erroneous. All of these claims could have been raised in the first habeas petition because they challenge the trial proceedings.[2]

Although a successful habeas petitioner who is retried, re-convicted, and re-sentenced may attack the new judgment of sentence in a subsequent habeas petition, *Lang*, 474 F.3d at 353; *Pratt*, 129 F.3d at 62, a second-in-time habeas petition is successive as to events that took place *before* the petitioner filed his first habeas petition. *Shepeck*, 150 F.3d at 801; *Magwood v. Culliver*, 555 F.3d 968, 976 (11th Cir. 2009); *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 869, 871 (5th Cir. 2000); *Walker v. Roth*, 133 F.3d 454, 455 & 455 n.1 (7th Cir. 1997); *cf. In re Olabode,* 325 F.3d 166, 173 (3d Cir. 2003) (holding that the petitioner's second-in-time § 2255 motion to vacate sentence was not "second or successive" because his first § 2255 motion merely sought reinstatement of his right to a direct appeal); *accord McIver v. United States*, 307 F.3d 1327, 1329, 1332 (11th Cir. 2002); *Godard*, 170 F.3d at 435; *United States v. Scott*, 124

---

[2] Although Petitioner raised a claim about appellate counsel in his first habeas petition, he did not raise a separate claim about trial counsel. In fact, he stated that the District Court was not required to rule on the issue of whether trial counsel was ineffective because the trial court had already ruled in his favor on that issue. He asserted that the only question before the Court on that issue was whether it was constitutional for the state courts to require him to show cause for not raising his claim about trial counsel on appeal.

7

F.3d 1328, 1330 (10th Cir. 1997). "As a general rule, a prisoner who had both the incentive and the ability to raise a particular claim in his first petition for post-conviction relief, but declined to assert it, cannot raise it the second time around." *Pratt*, 129 F.3d at 62.

Claims I., II., III.4., and VII. challenge events that occurred before Petitioner filed his first habeas petition. These claims do not challenge a new judgment or events and errors that occurred after the Court granted a conditional writ of habeas corpus. Furthermore, Petitioner had the ability to raise claims I., II., III.4., and VII. in his first habeas petition because he was represented by counsel at the time, and his claims were ripe and exhausted. Petitioner also had an incentive to raise all his claims in his first habeas petition. He could not have predicted that the Court would grant him a new appeal, and, if he had prevailed on his claims about the trial proceedings, he might have received a new trial. Thus, there is no principled reason why Petitioner could not have included claims I., II., III.4., and VII. in the first habeas petition. *Pratt*, 129 F.3d at 62-63.

### C. Mixed Petitions

The foregoing discussion demonstrates that the pending habeas petition is a "mixed petition" of claims that require authorization from the Court of Appeals and claims that do not require authorization. Faced with a similar situation, one federal magistrate judge took a "total approval" or unitary approach and recommended that the entire habeas petition be referred to the appropriate Court of Appeals for an order authorizing the district court to consider the petition. *See Hoke v. Schriro*, No. 05-4207, 2008 WL 5100848, at *8-11 (D. Ariz. May 21, 2008) (unpublished). Other courts have addressed the claims that were properly before the District Court and dismissed or forwarded to the Court of Appeals claims for which the petitioner failed

8

to obtain authorization from the Court of Appeals. *See Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); *Roberts v. McDonough*, No. 07-23017, 2008 WL 2782814, at *9 (S.D. Fla. July 16, 2008). This Court prefers to follow the procedure taken by still other courts, which give the petitioner the option of deleting his second or successive claims or of seeking authorization from the appropriate court of appeals. *See Pennington v. Norris*, 257 F.3d 857, 859 (8th Cir. 2001); *Townsend v. Vasbinder*, No. 04-74846, 2005 WL 2246988, at *1 (E.D. Mich. Sept. 15, 2005) (Cleland, J.). Accordingly,

**IT IS ORDERED** that Petitioner shall notify this Court within twenty-one days whether he wishes to (1) delete Claims I., II., III.4., and VII. or (2) will seek authorization from the Court of Appeals for this Court to consider those claims. If Petitioner chooses to delete his "second or successive" claims, the Court will proceed to adjudicate his other claims. If Petitioner prefers to seek authorization from the Court of Appeals, the Court will hold his habeas petition in abeyance until the Court of Appeals decides whether this Court is authorized to consider all of Petitioner's habeas claims.

s/John Corbett O'Meara
United States District Judge

Date: June 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 9, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

9